## Case No. 13,682.

### SWATZEL v. ARNOLD et al.

[1 Woolw. 383.] [1]

Circuit Court, D. Nebraska. May Term, 1869.

PLEADING IN EQUITY—AMENDMENT—SUPPLEMENT—FOREIGN ADMINISTRATOR—FUNCTIONS—RIGHT TO SUE—INTEREST IN SUBJECT MATTER—CHANGE OF CHARACTER.

1. The general rule is, that matters existing at the time of filing the bill, but omitted therefrom, and appearing necessary to the case, should be brought before the court by amendment.

2. Matters pertinent to the case, arising after the bill is filed, should be brought before the court by way of supplement.

3. Before answer, it is in some cases admissible to charge matters arising after filing the bill, by way of amendment, instead of by supplement.

[Cited in Bowden v. Burnham, 8 C. C. A. 248, 59 Fed. 755.]

4. An administrator appointed by the court within whose jurisdiction a decedent was at his death domiciled, is entitled to receive from the administrator appointed in another jurisdiction in which there are assets, what may remain after paying the debts of the estate therein.

[Cited in Pulliam v. Pulliam, 10 Fed. 41.]

5. Such administrator is, by virtue of his character as such, and the statute of Nebraska, entitled to administration in Nebraska.

6. An administrator appointed in one state, like an executor who has not proved the will, may sue in the courts of another, before he has letters therefrom; and having obtained letters, may aver the fact by amendment.

[Cited in Black v. Henry G. Allen Co., 42 Fed. 624; Giddings' Ex'rs v. Green, 48 Fed. 491.]

7. He has an interest in the subject matter, although he has no standing in court, and for that reason may support his suit in order to defend his right by authority afterwards acquired.

8. This is also sustainable on the principle that a party, suing in one capacity, may amend by asserting a claim in another, even though subsequently acquired.

On the 12th of March, 1864, John Swatzel filed his bill of complaint in the district court of the late territory of Nebraska, for the county of Washington. The object of the bill was the foreclosure of a mortgage upon lands situated in that county, executed by Anselm Arnold, the ancestor of the defendants, to Joseph Parks, the intestate of the plaintiff. The bill alleged the appointment of the plaintiff as administrator of Parks' estate, by the probate court of the county of Johnson, in the state of Kansas. On the 25th of April, 1864, the defendants demurred to the bill, on the ground that the plaintiff, not having been appointed administrator by any court in Nebraska, was incapable of maintaining the suit. The court in which the suit was brought sustained this demurrer. Thereupon the plaintiff obtained leave of the court to file an amended bill. This he did on the 18th of May, 1865. The allegations of new matter in the amended bill were as follows:

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

"That afterwards," that is, after the appointment of the plaintiff as administrator of Parks' estate by the Kansas court, "on or about the 8th day of August, A. D. 1864, your orator, the said John Swatzel, was, on application to the probate court of said county of Washington, in said territory of Nebraska, duly appointed administrator of the estate of said Joseph Parks, deceased; that he at once qualified, and is the acting administrator of the estate of Joseph Parks within said territory." The parties plaintiffs in the suit being citizens of the state of Missouri, and the parties defendants citizens of the state of Nebraska, the cause was, upon the admission of the latter state into the Union, and the organization of the state and federal courts therein, removed into the United States circuit court. On the 14th day of December, 1868, which was after the removal of the cause into said court, the defendants filed their demurrer to the amended bill, and as cause therefor alleged, that the appointment by the court in Nebraska of the plaintiff as administrator, after the commencement of the suit, was ineffectual to maintain the same, and that the objection successfully urged by them to the original bill was likewise fatal to it as amended.

Mr. Briggs, for plaintiff.
Mr. Woolworth, for defendants.

MILLER, Circuit Justice. In this case the plaintiff brought, in the district court of the late territory of Nebraska, his suit as administrator of the estate of the decedent, Joseph Parks, to foreclose a mortgage. His only claim to sue as administrator rested on his appointment by the probate court of the county in the state of Kansas in which the decedent was domiciled at the time of his death. A demurrer to this bill was sustained in the court in which it was brought, on the ground that the plaintiff could not maintain his suit because he had not been appointed administrator by any probate court of the territory. The plaintiff asked leave to amend, and after this procured letters of administration in the territory, and filed his amended bill setting up that fact. On the organization of separate state and federal courts, the cause came here, because the parties were citizens of different states. The defendants have, in this court, demurred to the bill as amended.

Two propositions are relied on in support of the demurrer: 1. That if the matter set up in the amendment is admissible at all, it can be brought in only by supplemental bill. 2. That as it appears that the plaintiff had no right of suit at all when the original bill was filed, and now attempts to assert a right acquired since the first demurrer was sustained, he can do this only by a new and independent suit.

It is certainly a general rule in equity pleadings, that matters existing at the time the bill was filed, which, being omitted in the original bill, are important to the plaintiff's case, are to be introduced by an amended bill; and that matters pertinent to the case occurring after the bill is filed are to be brought before the court by supplemental bill. This constitutes the essential difference between the two classes of bills we have mentioned. If the matter of the amendment had been alleged by way of a supplemental bill, it would have conformed to this rule, and this would seem to have been the more appropriate form of pleading. But before answer, it is often proper to allege in the amended bill pertinent matter occurring after the filing of the original bill. Story, Eq. Pl. § 885. The entire method of pleadings in chancery in the federal courts, is taken from the high court of chancery in England, and the system of pleading in that court was based largely upon the decisions of the chancellors and the practice which had grown up under them. In some respects, this system was not a little artificial and conventional, though, as a whole, deserving of much of the praise it has received.

In the case of Humphreys v. Humphreys, 3 P. Wms. 349, a demurrer had been sustained to a bill in chancery, because the plaintiff, who claimed in right of her deceased father, had not sued as administratrix, and, in fact, no administrator had been appointed. Subsequently to the allowance of the demurrer, she had taken out letters of administration, and it was held by the lord chancellor, that she might set up that fact by an amended bill, though it was objected to on the ground taken in this case. The lord chancellor said, that the mere right to have an account of the personal estate was in the plaintiff, Helen, the daughter, as she was next of kin to her father, and it was sufficient that she had now taken out letters of administration, which related to the time of the death of the intestate, just as where an executor brings a bill before proving the will, and his subsequent proving the will makes such a bill a good one, though the probate be after the filing thereof. Whereupon his lordship resisted the plea as one for delay, and held that the taking out of letters of administration might be charged either by way of supplement or amendment. The analogy between this case and the one before me is close and obvious. It is attempted to distinguish them by the circumstance that the rights claimed in the case cited were under a will; and it is said that an executor may do many things under a will before it is proven. But the distinction fails, because there the executors named in the will were both dead, and had never proved the will, and the right of the plaintiff in that case, as in this, to maintain the suit, depended solely upon the letters of administration granted after the suit was brought and first set out in the amended

bill. And aside from the special circumstances of that case, the principle in respect of administrators and executors suing in courts foreign to the jurisdiction in which they obtain their letters, is precisely the same. In Dixon's Ex'rs v. Ramsey's Ex'rs, 3 Cranch [7 U. S.] 319, the rule laid down by the court in respect of foreign administrators is applied to foreign executors. The case before cited also goes to the second proposition; for the plaintiff here, before the administration granted in Nebraska, stood very much in the same position that the plaintiff there did, namely, having an interest in the subject matter of the litigation, and no standing in court to assert it. The present plaintiff, as administrator of the domicile, had a right to receive for final distribution the sum due on the mortgage. He had an inchoate right to be appointed administrator here, and if any one else had been appointed, that person would have been liable to account to him for what was in hand after paying the debts in this jurisdiction. Stevens v. Gaylord, 11 Mass. 255; Harvey v. Richards [Case No. 6,184]; Burn v. Cole, Amb. 415; Somerville v. Somerville, 5 Ves. 791.

In order to establish the position that this matter could not be shown by amendment, the alleged incapacity of the plaintiff must be so radical that the defendants could not waive it, but whenever, in the progress of the cause, it came to the notice of the court, it would dismiss the suit. This is not the case. The objection is to the character of the parties, and had it not been taken by demurrer or plea, but a general answer had been filed, it would have been considered waived. See 39th rule in equity. The cause would have proceeded without regard to the objection. This is apparent from one or two considerations. It is well settled that a voluntary payment to the administrator of the domicile, by a foreign debtor, is a good acquittance to such foreign debtor. Doolittle v. Lewis, 7 Johns. Ch. 49; Stevens v. Gaylord, 11 Mass. 256; Dawes v. Head, 3 Pick. 128; Davis v. Estey, 8 Pick. 475; Harvey v. Richards [supra]. This could not be done if the administrator's authority for all purposes is confined to his jurisdiction. The impediment to the exercise of the full powers of an administrator in a jurisdiction foreign to that granting his letters, is essentially technical and formal, and should not be strained beyond its necessary application. Yeaton v. Lynn, 5 Pet. [30 U. S.] 224. The incapacity of the foreign administrator not being radical, so as to entirely deprive him of power to proceed with his cause, the fact of his taking out letters in this state, was matter which he might aver by amendment, and maintain his suit thereon. The demurrer is overruled.

See Noonan v. Bradley (in the U. S. supreme court at the December term, 1869) 9 Wall. [76 U. S.] 394.