### GIDDINGS' EX'RS *v.* GREEN *et al.*

*(Circuit Court, E. D. Virginia. 1880.)*

EXECUTORS—RIGHT TO SUE IN ANOTHER STATE—VENDOR'S LIEN.
    When an indorsee of a negotiable note given to secure the purchase price of lands dies before the note matures, while residing in a different state from that in which the land is situated, his executors, appointed in the state of his residence, may sue to assert a vendor's lien in the state where the land is situated, without procuring letters testamentary there.

In Equity. Suit by the executors of Calvin Giddings, appointed in Ohio, against A. B. Green and others, to assert a vendor's lien on lands situated in Virginia. On plea that the complainants cannot sue because they have not procured letters testamentary in Virginia. Plea overruled.

HUGHES, J. This is a suit in chancery, brought by the executors, under letters taken out in Ohio, of Calvin Giddings, deceased, who was a citizen of that state, and whose will was proved there; the executors, of course, being also citizens of Ohio. The object of the suit is to subject a certain piece of land near the town of Hampton, in this state, to the lien for part of the purchase money of the land evidenced by a negotiable note which had been indorsed to the testator in his life-time by the vendor of the land, and which matured some eight months after the death of the testator, and after the qualification of the complainants as his executors in Ohio. The note was found by the executors among the testator's effects in Ohio. The vendee of the land, who is the principal defendant in the bill, is not a resident of this state, but is a resident of New Jersey; nor has process been served upon him, but he has appeared by counsel, and pleads that the complainants ought not to be heard in this suit, because they have never received nor obtained letters of administration upon their testator's estate from any court or authority in the state of Virginia.

The sufficiency of this plea to defeat this suit is the only question before me in this cause. It is a technical defense. There is no principle of law more firmly established than that, where there are assets in one state of a deceased resident of another state, they cannot be collected by suit, except by an executor or administrator having letters of administration from a court of the state in which the assets are sued for. Otherwise, if there should be creditors of the deceased person in such state, they would be driven to a different jurisdiction to assert their claims, and their rights would depend upon the laws of another forum than that in which their rights of action arose. The authorities establishing this principle of law are so numerous that it is useless to cite them. But it may well be doubted whether this principle extends so far as to deny to the personal representative of a decedent, under all circumstances, the right to sue as such in any jurisdiction except that from which his letters of administration issued. Suppose an executor in Ohio has found among the effects of his testator in that state a jeweled watch, or valuable horse, or other specific article of corporeal property, and has put it into his inventory of the testator's effects, and the title to it has become vested in him, and he has become liable for it in Ohio to Ohio creditors; and suppose this article of property is stolen and carried into Virginia, and found in the possession of one of her citizens. Will it be contended that the Ohio executor, who, as such, has the exclusive title to the property, cannot sue for its recovery in Virginia; and can it be pretended that a Virginia executor, who has no title, must be appointed, or, if appointed, must sue for this property not vested by law in him? In such a case the right of action attaches to the person of the particular executor in which the title of the property has vested, and not to his office, considered in the abstract. Story, Confl. Laws, § 516, and cases there cited. If such executor, suing in Virginia, describes himself as executor, the words would be *descriptio personæ.* So, when an executor has been regularly made plaintiff in a judgment recovered by his testator during his life-time, by substitution of record, in the state wherein his letters were granted and the judgment obtained, then he may sue upon that judgment in another state without taking out letters testamentary therein, just as any other trustee may sue in a state other than that of his residence or citizenship. *Greasons* v. *Davis,* 9 Iowa, 219, 225. So, if an executor appointed in Vermont, of a resident who died there, receives a debt voluntarily paid him by a citizen of New York, due to his testator, that debtor cannot be afterwards sued in New York, by a creditor of the testator or other claimant in the latter state, for the claim which he has thus paid. The reduction of the claim to possession vests the fund in the executor, and makes it a part of the estate in Vermont, and terminates its character as assets in New York, at least so far as to exonerate the New York debtor from liability for it. Story, Confl. Laws, § 515, and cases there cited. It has been held that, inasmuch as an executor in one state may assign a chose in action, and thus wholly part with the property in it, his assignee may sue upon the chose in action in another state in his own right, if the statute law of that state

permit an assignee so to sue there, and letters testamentary need not be taken out there. *Harper* v. *Butler*, 2 Pet. 239.

A negotiable note is of the same character, as to the right of suit, with a chose in action assigned and sued upon as just instanced. Negotiable notes partake of the character of personal chattels on account of their transferability. The legal property in them passes by transfer, as it does in chattels. If a negotiable note matures after the death of a testator, as in the case at bar, it becomes vested in his local executor. See Story, Confl. Laws, §§ 355, 359, 517. It is his property, is inventoried by him as such, and the title to it vests in him precisely as that of a watch or a horse vests in him, as part of the home assets of the testator's estate, distributable as all other home assets are, as directed by the law of the particular state. The executor may indorse and deliver it to whom he may please, and such action on his part transfers to the indorsee the same right to sue all over the world as belongs to the holder of any other negotiable paper. Whether he indorses it, or does not, its proceeds or the note itself is home assets, subject exclusively to home distribution under the law of the domicile; and therefore it is maintained by Mr. Justice Story (Confl. Laws, § 517) that if he does not transfer the note by indorsement, but sues upon it himself in another state, he need not take out letters testamentary in the state where the debtor resides, in order to maintain his suit against him. I hold, therefore, that the plea of A. B. Green in this case is not good, and that the suit may proceed in the name of the executors, complainants. If the paper were transferable by indorsement (which includes delivery) when the executors came into possession of it, the fact that the testator wrote his name upon it in his life-time was nugatory, and the personal representative cannot complete the transfer by delivery. He must himself, in his full legal character, indorse the paper; that is, write the transfer on it and deliver it. 1 Daniell, Ch. Pr. § 367; *Clark* v. *Boyd*, 2 Ohio, 56; *Clark* v. *Sigourney*, 17 Conn. 511; *Bromage* v. *Lloyd*, 1 Exch. 32; *Insurance Co.* v. *Leavenworth*, 30 Vt. 11; Thomp. Bills, 91.

In the present case, even if I thought it necessary that these complainants should take out letters testamentary in Virginia, this requirement would not invalidate their present proceeding; for it would be competent for them still to do so; and the court would allow them to amend their bill to embrace this new feature in the case, as was done in *Swatzel* v. *Arnold*, 1 Woolw. 383.