## John Heath & al. *versus* Rendol Whidden.

In local actions, if the venue be in the wrong county, and the objection appear on the record, it should be taken advantage of on demurrer. After pleading to the merits, and after verdict, it is too late to raise the objection.

By a default, the declaration is to be taken as true, and regarded the same as it would have been if a verdict had been taken.

A receipt not under seal, cannot be regarded as a release of the covenants in a deed which is not apparently referred to in the receipt; for " covenant by deed must be discharged by deed."

When an amendment has been properly made, and is for the same cause of action originally embraced in the writ, the amended writ is treated as it would have been if so made when the suit was commenced, notwithstanding the amendment was not filed till the action would have been barred by the statute of limitations.

THIS was an action of covenant broken. It was tried before SHEPLEY J. The defendant was defaulted. If the plaintiffs

are entitled to recover, judgment is to be entered in their favor; if not, the default is to be taken off, and a new trial granted.

*Blake*, for defendants.

The action is local, and not brought in the right county. *Lienow* v. *Ellis*, 6 Mass. R. 331. In this case, the plaintiff claims by virtue of a covenant running with the land. There is privity of estate and not of contract. The authority is directly in point. Chapter 59, § 9, statutes of 1821, is identical with the Massachusetts statute referred to in the case cited. *Sumner* v. *Finegan*, 15 Mass. R. 285.

The receipt, Dec. 10, 1819, was after the breach of the alleged contract, after covenant broken, but before eviction. When the covenant was broken, a right of action accrued, a demand of some name or nature arose, and this receipt cuts off the claim. A release of all demands operates a release of particular demands. It is incumbent on the other side to show that the receipt does not include the breach of covenant. *Hyde* v. *Baldwin*, 17 Pick. 307. The entry to foreclose, Sept. 7, 1823, is capable of explanation. This authority also shows that a common receipt not under seal, discharges an equity of redemption. 3 Coke 461, Thomas' Ed.

It is said there was no damage, because no eviction had taken place. But both parties knew of the covenant broken and the cause of action. The covenant was therefore canceled, and could never be revived. It is immaterial what the sum named in the receipt is, because it is in full of all demands. *Whitwell* v. *Brigham*, 19 Pick. 123. Tender before the day, may be pleaded as of the day.

The action is barred by the statute of limitations. The writ was amended October term, 1846, as appears by the docket. The eviction was in Sept. 1826; the entry in Sept. 1823. The writ was dated Feb. 1841. The original declaration was not such as to enable the plaintiff to recover, and he could recover only on the amended declaration. As the writ could not be sustained, because barred by the statute, and there is cause of action only by the amendment, the amendment must be regarded as the commencement of this claim. The deed is not admissible; but this point is not pressed.

TENNEY J. — The action is upon the covenants in a deed executed and delivered by the defendant to one Nathaniel Herrick, deceased, brought by his heirs at law in the county of Penobscot, the land described in the deed, being situate in the county of Piscataquis. To prove the breach of the covenants, the plaintiffs introduced a mortgage deed from said Whidden to Calvin Sanger of the same land, executed, acknowledged and recorded, prior to the date of the deed to Herrick, and proved that there had been an entry for condition broken in the mortgage, and a foreclosure of the same. After the action was entered in Court, the plaintiffs were permitted to amend their writ, but the amendment was not actually filed till more than twenty years had elapsed from the time when the cause of action accrued. It appeared in defence, that after the delivery of the deed to the plaintiffs' ancestor, but before the entry of Sanger, the grantee of the deed from Whidden gave him a receipt, acknowledging that he had received five dollars, in full of all demands of every kind, name and nature. The defendant consented to be defaulted; and if the plaintiffs are not entitled to recover upon the evidence introduced, which is competent, the default is to be taken off and the action to stand for trial.

The counsel for the defendant insist, that the plaintiffs must fail to recover on these grounds : — 1. That the action is local, and is brought in the wrong county. — 2. That the right, which might have once existed, is taken away by the receipt. 3. That the statute of limitations is a bar.

1. "In local actions, if the venue be in the wrong county, and the objection appear upon the record, it is clear, that the defendant may demur, and if it do not appear on the record, may, under the general issue, avail himself of the objection at the trial, as the ground of nonsuit." 1 Chitty's Pl. 284. By the statute of 17 Car. 2, c. 8, it is provided "after verdict judgment shall not be stayed or reversed, for that there is no right venue, so as the cause were tried by a jury of the proper county or place, where the action is laid." *Mayor of London* v. *Cole & als.* 7 T. R. 559; 1 Ld. Raym. 330; *Hath-*

*orn* v. *Haines,* 1 Greenl. 238 ; *Morton* v. *Chase,* 15 Maine R. 188.

The objection in the case before us appears upon the record, and the defendant should have availed himself of it on demurrer. Having pleaded to the merits, the judgment could not be stayed, if there had been a verdict. By the default the declaration is to be taken as true, and regarded the same as it would have been, if a verdict had been taken.

2. At the time, when the receipt was given, there had been no ouster of the plaintiff's ancestor by the mortgagee. There was a breach of the covenant against incumbrances at the time of the delivery of the deed, but the damages were nominal only, and it cannot be considered, that such an acknowledgment as that evidenced by the paper can be a release of the covenants in a deed, which is not apparently referred to. "It is a settled rule, that with as high degree of force or validity as a contract receives in its formation, it must be dissolved, and according to the Roman rule *unum quodque dissolvi eo ligamine, quo ligatur.* On this principle a deed must be discharged by deed. Hence a discharge in the nature of a release, *without deed,* in satisfaction of all demands, cannot be pleaded in an action of covenant; *for covenant by deed must be discharged by deed.*" 1 Dane's Ab. page 97, chap. 1, art. 7, § 1 ; 4 ib. page 407, chap. 119, art. 2, § 2, 4 ; ib. 122, page 467, chap. 122, art. 2, § 8 ; 2 Stark. Ev. 437 ; *Kelleran* v. *Brown,* 4 Mass. R. 443.

3. It is not insisted that the amendment was improperly allowed ; it must be for the same cause of action originally embraced in the writ ; the amended writ is treated as it would have been, if so made, when the suit was commenced, as between the parties thereto ; if the action was not barred, when it was commenced, it cannot, when properly amended, be followed by such an effect.

By the agreement of parties, there must be judgment upon the default.