### ARCHIBALD *v.* THOMPSON.

ATTACHMENT — *amending the writ.* A writ of attachment which is returnable to the second term of court after its date may be amended, and therefore it is not void.

JUSTIFICATION — *in trespass under defective writ.* In trespass against a sheriff for levying on goods under such writ, he may justify the seizure.

*Error to District Court, Las Animas County.*

THE facts are sufficiently stated in the opinion.

Mr. A. W. ARCHIBALD, plaintiff in error, in person.

No appearance by defendant in error.

BELFORD, J.   This was an action of trespass, brought by Archibald against Thompson, to recover damages for the alleged wrongful seizure of certain goods belonging to the plaintiff in error.   The defendant, Thompson, justified under a writ of attachment, sued out of the probate court of Las Animas county, on the 22d day of November, 1872, in a suit then pending, wherein John P. Smith was plaintiff and Archibald was defendant.   The only error assigned is the ruling of the court below in allowing the writ of attachment to be read in evidence.   The writ was tested and dated November 22, 1872, and made returnable to the February term, 1873.   A term of court intervening between the suing out and the return day of the writ, it is claimed by the plaintiff in error that the writ was void and afforded no justification to the officer executing it.   Unless the writ is amendable under the eighth section of the attachment act (Rev. Stat. 55), which provides that no writ of attachment shall be quashed on account of any insufficiency, the objection of the plaintiff is well taken.   A process actually void, either from a fatal defect in itself or from want of authority to issue it, is wholly insufficient either to pass a right or to justify an act done under it, and it may be so treated whenever it comes in question.   When, however, the process is not void but voidable only, it will furnish a protection to the officer executing it.   *Levin* v. *Gilpin*, 6 Dana, 229. And on the trial of a cause the court will regard the process as amended, when the defect complained of is of a character to be amended.   *McBee* v. *Petty*, 3 Cold. 178; *Buler* v. *Huddleston*, id. 201.   To constitute a sufficient writ, it must

run in the name of the people; be addressed to the sheriff or constable; signed by the clerk and attested by the seal of the court; it must be certain in its commands and returnable to the first day of the ensuing term of court. If it contains all these requisites, we characterize it as sufficient. If any one is omitted, we adjudge it insufficient. The legislature certainly designed in the use of the word "insufficiency" to cover more than mere formal or technical defects; such defects in pleadings and proceedings were amendable and curable at common law; without any statute such power was exercised by courts, at all times, to further justice and promote the rights of litigants. It is just as important that a writ should be signed by the clerk as it is that it should be returnable to the first day of the ensuing term, and yet it has been held that such an omission is curable by amendment. *Potter* v. *Smith*, 7 R. I. 55; *Jump* v. *Battin*, 35 Mo. 193; *Budd* v. *Thompson*, 22 Ark. 363. So a clerical error in the date of a writ may be amended. *Jackson* v. *Burling*, 5 English, 578. And the teste of writs, whether original or judicial, have almost invariably been held amendable. *Whiting* v. *Bebee*, 7 English, 535–6; *Ross* v. *Luther*, 4 Cow. 158; *Brown* v. *Alpin*, 1 id. 203; *Barber* v. *Smith*, 4 Yates, 185; *United States* v. *Camp*, 5 How. (Miss.) 516; *Shumaker* v. *Knox*, 1 Dallas, 197; *Ripley* v. *Warren*, 2 Pick. 592. In *Davis* v. *Wood*, 7 Mo. 163, the defendant justified under an execution which did not run in the name of the State as required by statute. Objection was taken on that ground, and the court held, that although the requisites of the statute had not been complied with in that respect, still it was only voidable and would furnish the officer protection.

In the case of *Potter* v. *Smith*, *supra*, the clerk had omitted to attach to the writ the seal of the court, and this omission was held amendable. The court say, " These amendments are in the discretion of the court, and that discretion has been exercised at different times, and amendment allowed as to all other requisites of a writ; as to the signature of the clerk; the direction to the officer for ser-

vice; the teste of the writ; the statement of the cause of action; the time and place of appearance, and all, upon the ground that they were irregularities of process or mere omissions of the clerk." Pp. 57, 58.

So, too, when through inadvertence the affidavit to a writ of attachment was not signed, the defect was held curable by amendment. *Stout* v. *Folger*, 34 Iowa, 71. See *Garnet* v. *Wimp*, 3 B. Monr. 360; *Banta* v. *Reynolds*, id. 80.

So, too, when process has been made returnable to a wrong time it is amendable. *Graves* v. *Cole*, 2 G. Greene, 467; *Townsend* v. *Stodard*, 26 Ga. 430; *Lawrence* v. *Chase*, 54 Me. 196. We are aware that cases at variance with those above cited may be found, but a careful examination of all the authorities convinces us that the tendency of modern decisions is to favor amendments when the spirit of justice can be advanced and promoted. It is difficult to discover a settled rule anywhere, and in the absence of such a rule, the true guide in allowing such amendments would seem to be the principle announced by Lord HARD-WICKE, and cited by Lord KENYON in 7 T. R. 698, viz.: "that an amendment shall or shall not be permitted as it will best tend to the furtherance of justice." It is not questioned that the court issuing the writ had jurisdiction of the subject-matter, nor that it was issued in a proper case, nor that it lacks any essential requisite of a writ, except the one complained of. If it embraced a proper return day, then nothing would be wanting to constitute it a perfect process. We think that the legislature designed that just such mis takes as this might be corrected, and the eighth section, being remedial in its character, should be most liberally construed. It was competent, then, for the plaintiff in attachment to appear in the court below and have this writ amended. A writ that is amendable cannot be regarded as void, nor can it be attacked collaterally. It must still have its effect until annulled. If a contrary doctrine were to prevail, every erroneous writ might be drawn in question collaterally, for defects which ought to be, and can only be questioned directly by a revising power. *Owens* v. *Starr*,

2 Littell, 231; *Turner* v. *Folgate*, 1 Lev. 95. We are, therefore, of the opinion that the ruling of the court below was proper inasmuch as the writ was simply voidable under the eighth section of the attachment act.

The judgment will be

*Affirmed.*