# Wheeling.

PHELPS & POUND *v.* SMITH & CO.

Decided April 24, 1880.

1880
Special Term.

Phelps & Pound
*v.*
Smith & Co.

1. Where the record does not show that a bill of exceptions had been made a part of the record by order of the court below, the Appellate Court will not consider it a part of the record, and will not look to it for any purpose upon writ of error.

2. Where the case is submitted to the court, in lieu of a jury, upon its merits, it is presumed that the prerequsites necessary to the making of the judgment were complied with by the court, whether the record of the judgment recites the fact or not.

3. The plaintiff may as of right amend his declaration at any time before appearance by defendant, and in such case it is not necessary to summon the defendant to plead to the amended declaration.

Writ of error and *supersedeas* to a judgment of the municipal court of Wheeling, rendered on the 23d day of September, 1875, in an action of assumpsit in said court then pending, wherein D. R. Phelps and G. F. Pound, partners, were plaintiffs, and A. E. Smith and Arthur M. Teece, partners, were defendants, allowed upon the petition of said defendants.

Hon. Gibson L. Cranmer, judge of the municipal court of Wheeling rendered the judgment complained of.

MOORE, JUDGE, furnishes the following statement of the case:

D. R. Phelps and G. F. Pound, partners doing business under the firm name and style of Phelps & Pound, insti-

tuted in the municipal court of Wheeling, on the 23d day of September, 1875, an action of assumpsit against A. E. Smith and Arthur M. Teece, partners, &c., under the firm name of Smith & Co., laying the damages at $1,000.00. The original declaration does not appear in the record of the case. At rules held on the second Monday in October, 1875, an order states, "came the plaintiffs, by their attorney, and filed their declaration in the words and figures following." To the record of this case the clerk has made this note: "The original declaration filed at these rules was altered by the plaintiffs' attorney, and filed at the following December rules as an amended declaration. I cannot tell which part of the amended declaration was the original declaration. (See amended declaration)." At the same rules there was judgment *nisi* against defendants. At November rules, 1875, defendants failing to appear, the common order was confirmed and enquiry of damages directed; and at a session of the court, November 24, 1875, on motion of plaintiffs leave was given them to amend at rules the declaration ; and at rules the second Monday of December, 1875, the plaintiffs filed their amended declaration. The order then adds: "And the defendants being duly summoned and not appearing, on motion of the plaintiffs, by their attorneys, it is ordered that judgment be entered for the plaintiffs against the defendants, unless the defendants should appear and plead to issue at the then next rules." At which day, to wit: at rules held on the second Monday in January, 1876, the common order was confirmed, and enquiry of damages directed. At a session of the court, on the 17th day of January, 1876, the following judgment was rendered:

"This day came the plaintiffs, by their attorneys, and the defendants, who were summoned, though solemnly called, came not, thereupon it is considered by the court that the plaintiffs recover against the defendants the sum of $767.66, aggregate of principal and interest of the damages in the declaration mentioned to this 17th day

of January, 1876, with interest from this date until payment, and their costs by them about their suit in this behalf expended."

At a session of said court, held on the 4th day of February, 1876, the record shows the following entry in this case : "This day came the parties, by their attorneys, and the motion of the defendants, by their attorneys, to set aside the judgment heretofore entered at a former day of this term against the defendants was argued by counsel, which motion is overruled, to which opinion of the court overruling said motion the defendants by their attorney, except." Then follows what purports to be a bill of exceptions; but the record shows no order of the court making the bill of exceptions a part of the record of the case.

Smith & Company bring the case before this court by writ of error and *supersedeas*.

*John E. McKennon*, for plaintiffs in error.

*Pendleton & Pendleton*, for defendants in error.

MOORE, JUDGE, delivered the opinion of the Court :

The appellants assign the following grounds of error :

" 1. The affidavit of Mr. Teece, filed in support of the motion to set aside the judgment, shows that the claim sued upon was paid, and the case settled, excepting the costs of suit, with one of the plaintiffs' attorneys. Another claim was afterwards substituted for the one sued upon and paid, and the judgment complained of was obtained upon this substituted claim. The judgment was, therefore, obtained by fraud, and the court erred in refusing to set it aside.

" 2. The writ of inquiry in the case was not executed, but judgment was rendered by the court without an inquiry of the plaintiffs' damages.

" 3. The defendants were not summoned to answer the amended declaration. Code p. 601, § 12.

1880
Special Term.

Phelps & Pound
v.
Smith & Co.

" 4. No proper amended declaration was filed upon which judgment could be rendered. The original declaration was mutilated, and filed as an amended declaration, so that it was impossible to tell what was the original declaration, and what amendment had been made. The court erred in rendering judgment upon such a state of pleadings.

" 5. The judgment was larger than was warranted by the pleadings. The bill of particulars shows that $751.62 of the plaintiffs' claim was paid soon after the suit was brought. This is the draft mentioned by Mr. Teece in his affidavit. $751.62 of the plaintiffs' claim having been paid, there should not have been judgment for more than $248.38, the damage in the declaration being laid at $1,000.00.

"For these and other errors appearing upon the record, your petitioners pray that a writ of error may be awarded by your Honors, and that a writ of *supersedeas* may be allowed, staying all proceedings upon said judgment, to the end that the said record may be reviewed by your honorable court."

As to the first ground : The bill of exceptions not Syllabus 1. having been made a part of the record by order of the court, nothing therein contained can be considered by the Appellate Court. Therefore, this court cannot look to the affidavit of Mr. Teece for any purpose. And as the record does not disclose any irregularity or illegality in the plaintiffs' conduct as to the claims they filed with their amended declaration, I must hold that the first ground of error is not tenable.

As to the second ground of error assigned, I under- Syllabus 2. stand the doctrine to be, where the case is submitted to the court in lieu of a jury, upon its merits, it is presumed that the prerequisites necessary to the making of the judgment, were complied with by the court, whether the record of the judgment recites the fact or not. The judgment in this case is sufficiently regular upon its face to show that the plaintiffs' damages were properly enquired into by the court.

As to the third ground of error assigned. The common order made at rules upon the case as it stood upon the amended declaration December, 1875, states that the defendants had been duly summoned, and the judgment itself founded on the case as made by the declaration also states that the defendants were summoned. But whether defendants were summoned, or not, to plead to the declaration, in this case makes no difference, because the plaintiffs as a matter of right could amend their declaration at any time before the appearance of defendants, and in such case it is not necessary to issue summons to plead to the amended declaration; and this is a sufficient answer also to the fourth assignment of error. And as the amended declaration also appears regular in all respects as an amended declaration in the requisite orders, that identify it, the Appellate Court must consider it in verity the amended declaration, and as such, sufficient for the action in which the judgment was given.

As to the fifth ground. The judgment was for an amount within the amount of damages laid in the writ and amended declaration, and for an amount which the bill of particulars filed with the amended declaration manifested to be within the damages laid in the writ and declaration. If there was in fact any tampering with the claims originally sued on, or not, we cannot say, and as we are not permitted, under the law, to look into the supposed bill of exceptions, as it has not been made a part of the record, we cannot take into consideration Mr. Teece's affidavit as to the conduct of plaintiffs' attorneys, however irregular it may have been. Therefore, I am brought to the conclusion, that so far as the record has presented this case to the Appellate Court, no sufficient error appears in the proceedings had therein by the municipal court to reverse the judgment, and the judgment should be affirmed with costs and damages according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.