### BOWDEN et al. v. BURNHAM et al.

### BARNES et al. v. SAME.

#### (Circuit Court of Appeals, Eighth Circuit. January 29, 1894.)

#### Nos. 273 and 274.

1. REVIEW ON ERROR—TRIAL TO COURT—GENERAL FINDINGS.
   When the case is tried to the court without a jury, a general finding has the same effect as the verdict of a jury; and the facts are not reviewable by bill of exceptions, or in any other manner.

2. FEDERAL COURTS—STATE PRACTICE.
   Federal courts may include in one attachment and suit debts due and not due, without regard to state practice in respect to such joinder. O'Connell v. Reed, 5 C. C. A. 586, 56 Fed. 531, followed.

3. SAME—JURISDICTION—CITIZENSHIP—AMENDMENT.
   The right of amendment exists independently of any state statute, and may be exercised at any stage of the cause, even after submission, and extends to the verdict and judgment, and is as applicable to attachment suits as to any others. When a complaint is amended its legal effect is the same as though it had originally read as amended; and an amendment making the proper jurisdictional averments establishes the existence of the jurisdiction from the commencement of the suit, and not simply from the date of the amendment.

4. SAME—ASSIGNED CHOSES IN ACTION—CITIZENSHIP OF ASSIGNORS—JURISDICTIONAL AMOUNT.
   The provision of the judiciary acts that an assignee of a chose in action cannot sue in a federal court unless his assignor could have maintained the action therein refers only to the citizenship of the assignor, and not to jurisdictional amount; and an assignee of choses in action aggregating $2,000 may maintain the suit, if his assignors were citizens of other states, although they could not have maintained separate suits, because none of their claims amounted to $2,000.

5. ATTACHMENT—INTERVENTION—REDELIVERY BOND.
   Under the Kansas statutes, (Code, § 199,) the execution by interveners, of a redelivery bond estops them from denying that the attached property belonged to the defendant in attachment, or that it was subject to the attachment.

In Error to the Circuit Court of the United States for the District of Kansas.

At Law. Action by James K. Burnham and others, doing business under the firm name of Burnham, Hanna, Munger & Co., against A. S. Bowden and R. A. Bowden, individually, and as partners under the name of Bowden Bros. An attachment was levied on defendants' property, and thereupon Barnes, Brown & Denton intervened, claiming an interest in the property as mortgagees. The issues arising on the intervention were tried with the other issues in the action, before the court, a jury having been waived, and judgment was rendered for plaintiffs. Defendants and the interveners separately brought error, and the causes were heard together. Affirmed.

C. N. Sterry, for plaintiffs in error.

W. H. Rossington, Charles Blood Smith, E. J. Dallas, H. C. Soloman, and William T. Bland, for defendants in error.

Before CALDWELL, Circuit Judge, and THAYER, District Judge.

CALDWELL, Circuit Judge. The defendants in error, Burnham, Hanna, Munger & Co., citizens of the state of Missouri, brought suit by attachment against plaintiffs in error, A. S. Bowden and R. A. Bowden, individually and as partners, citizens of Kansas, on notes and accounts for various sums, amounting in the aggregate to $2,764.56, $11.35 of which was due, and the balance not due. The judge made an order allowing an attachment for the aggregate sum, and the clerk issued the writ accordingly. As to some of the notes and accounts sued on, the plaintiffs sued as assignees. The original complaint failed to state the citizenship of the assignors, but an amended complaint was filed by leave of the court, which showed that the assignors were citizens of states other than Kansas. The defendants filed an answer containing a general denial, and alleging (1) that the assignment to the plaintiffs of the claims sued upon was merely colorable, and made for the purpose of giving the court jurisdiction; (2) that there was an improper joinder of defendants; (3) traversed the affidavit upon which the attachment was procured; (4) averred that the court had no jurisdiction, because the assignors of the claims sued on could not have brought suit thereon in the circuit court, the claims taken separately being less than $2,000 in amount, and that, deducting the amount of the assigned claims, the amount in controversy was less than $2,000; (5) that there was a misjoinder of causes of action, by uniting a claim for $11.35, which was due, with claims amounting to over $2,700 which were not due. The defendants also filed a motion to discharge the attachment upon the ground that the court had no jurisdiction of the action or the subject-matter, or over the property attached, and that the allegations in the affidavit upon which the attachment was granted were not true. The plaintiffs filed a replication to the answer, and thereupon, by a stipulation in writing filed with the clerk in conformity to section 649 of the Revised Statutes, a jury was waived, and all the issues in the cause submitted to the court, which found a general verdict for the plaintiffs, and rendered judgment accordingly.

The record purports to contain all the evidence, and it is said in the brief filed on behalf of the plaintiffs in error that this court can review the decision of the lower court upon the evidence, and most of the briefs of counsel on both sides are taken up with the discussion of the evidence in the case. But, upon the record before us, we cannot look into the evidence. When a case is tried by the court without a jury, a general finding of the court has the same effect as the verdict of a jury, and is conclusive in this court as to the facts. Such a finding cannot be reviewed in this court by a bill of exceptions, or in any other manner. It prevents all inquiry in this court into the special facts and conclusions of law upon which the finding rests. Norris v. Jackson, 9 Wall. 125; Miller v. Insurance Co., 12 Wall. 285, 297; Insurance Co. v. Fol-

som, 18 Wall. 237; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321; Boardman v. Toffey, 117 U. S. 271, 6 Sup. Ct. 734; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481.

In Cooper v. Omohundro, 19 Wall. 65, the supreme court said:

"Where issues of fact are submitted to the circuit court, and the finding is general, nothing is open to review, * * * except the rulings of the circuit court in the progress of the trial; and the phrase, 'rulings of the court in the progress of the trial,' does not include the general finding of the circuit court, nor the conclusions of the circuit court embodied in such general finding."

In the case of Martinton v. Fairbanks, supra, the court say:

"The theory of the plaintiff in error seems to be that the general finding in this case, like a general verdict, includes questions of both law and fact, and that by excepting to the general finding he excepts to such conclusions of law as the general finding implies. But section 649, Rev. St., provides that the finding of the court, whether general or special, shall have the same effect as the verdict of a jury. The general verdict of a jury concludes mixed questions of law and fact, except so far as they may be saved by some exception which the party has taken to the ruling of the court upon a question of law. * * * The provision of the statute that the finding of the court shall have the same effect as the verdict of a jury cuts off the right to review in this case."

The objection that one of the debts sued for, amounting to $11.35, was due, and the others not due, and that the judge's order allowing the attachment included the debt due as well as those not due, was properly overruled. O'Connell v. Reed, 5 C. C. A. 586, 56 Fed. 531.

The objection to the jurisdiction of the court is grounded on the fact that the original petition did not disclose that the assignors of the claims which the plaintiffs sued on as assignees were citizens of states other than Kansas, and the further fact that, rejecting those claims, the amount claimed by the plaintiffs was less than $2,000. But the court very properly granted the plaintiffs leave to amend their complaint, (section 954, Rev. St. U. S.,) and it was amended. Nevertheless, the plaintiff in error asserts that as the complaint, at the time the attachment was issued, did not contain the necessary jurisdictional averments, every step taken in the cause prior to the amendment was void, and that the amendment of the complaint could not impart vitality or validity to anything done before the amendment was made. This contention is wholly untenable. It is every-day practice to allow amendments of the character of those made in this case, and when they are made they have relation to the date of the filing of the complaint or the issuing of the writ or process amended. When a complaint is amended, it stands as though it had originally read as amended. The court in fact had jurisdiction of the cause from the beginning, but the complaint did not contain the requisite averments to show it. In other words, the amendment did not create or confer the jurisdiction; it only brought on the record a proper averment of a fact showing its existence from the commencement of the suit.

The right of the federal court to allow amendments under section 954 of the Revised Statutes of the United States is well set-

tled. The right exists quite independently of any state statute, and may be exercised at any stage of the cause, even after submission, and extends to the verdict and judgment, and is as applicable to attachment suits as to any others. Tilton v. Cofield, 93 U. S. 163; O'Connell v. Reed, supra; People's Sav. Bank & Trust Co. v. Batchelder Egg-Case Co., 4 U. S. App. 603, 2 C. C. A. 126, and 51 Fed. 130; Erstein v. Rothschild, 22 Fed. 61; Bamberger v. Terry, 103 U. S. 40; Dow v. Humbert, 91 U. S. 294, 297; Construction Co. v. Seymour, Id. 646, 655; Hardin v. Boyd, 113 U. S. 756, 5 Sup. Ct. 771; Tiernan's Ex'rs v. Woodruff, 5 McLean, 135; Parks v. Turner, 12 How. 39, 46; Stockton v. Bishop, 4 How. 155, 168; Swatzel v. Arnold, 1 Woolw. 383.

In Roach v. Hulings, 16 Pet. 319, the court say, "Both the verdict and judgment are within the terms and intent of the statute, and ought to be protected thereby;" and in Shaw v. Railroad Co., 101 U. S. 557, 567, the court say, "As the verdict was amendable in the court below, we will regard the amendment as made."

It is said the court did not have jurisdiction for the further reason that the several assignors of the claims assigned to the plaintiffs could not have brought suit thereon in the circuit court, because the claim of each was less than $2,000 in amount.

The act of congress provides that the circuit court shall not "have cognizance of any suit * * * to recover the contents of any note or other chose in action in favor of any assignee * * * unless said suit might have been prosecuted in such court to recover the contents if no assignment had been made." Act Aug. 13, 1888, (25 Stat. 433, § 1.) The prior acts of congress regulating the jurisdiction of the circuit court contained substantially the same provision, and it has been the uniform holding in the circuits that the clause of the section we have quoted has relation to the citizenship of the assignor, and not to the amount of the note or other chose in action assigned. The essential requirement of this clause of the statute is satisfied when the citizenship of the assignor is such that he could have maintained a suit against the debtor in the circuit court.

When the plaintiffs had acquired, in good faith, from citizens of states other than the state of which the defendants were citizens, claims amounting in the aggregate to $2,000, they had a right to sue the defendants on all of such claims in one action in the circuit court, although no one of the claims amounted to $2,000. The requisite amount and the citizenship necessary to confer the jurisdiction are united in the plaintiffs; and the jurisdiction is not affected by the fact that the several assignors of the claims could not have maintained separate suits thereon, because the claim of each was less than $2,000 in amount. Stanley v. Board, 15 Fed. 483; Hammond v. Cleaveland, 23 Fed. 1; Bernheim v. Birnbaum, 30 Fed. 885; Chase v. Roller-Mills Co., 56 Fed. 625.

Barnes, Brown & Denton intervened in the lower court in the principal case, and claimed that they had an interest in the property attached, and were in possession of the same at the time it

was attached, as mortgagees, and moved the court to discharge the order of attachment, and the levy made thereunder. The issues arising on this interplea and the issues in the attachment suit were tried together before the court, which found generally in favor of the plaintiffs in the attachment suit, and rendered judgment accordingly. In this court there is but one record in both cases, and, as they have been argued as one cause, they will be decided together. The only error assigned on behalf of the interpleader is that, "upon and under the evidence heard upon the hearing of said motion," the court ought to have discharged the attachment. It appears that the interveners executed to the marshal a redelivery bond for the property attached. Under the statutes of Kansas this bond had the effect to estop them from denying that the property belonged to the defendant in the attachment, or that it was not subject to the attachment. Code, Kan. § 199; Sponenbarger v. Lemert, 23 Kan. 55, 62; Haxtun v. Sizer, Id. 310; Wolf v. Hahn, 28 Kan. 588; Case, Bishop & Co. v. Schultz & Hosea, 31 Kan. 96, 99, 1 Pac. 269; Peterson v. Woollen, 48 Kan. 770, 30 Pac. 128.

To avoid the legal effect of the execution of the redelivery bond, the interveners claimed they were induced to execute it by the false and fraudulent representations of the plaintiffs' agent or attorney as to its legal effect, and there is a good deal of testimony in the record relating to this issue. But the finding of the lower court upon this, as upon all other issues of fact in the case, was general; and, as we have seen, where a case is tried by the court without a jury, and its finding upon the facts is general, such finding cannot be reviewed in this court.

The judgment of the circuit court is affirmed.