CARTER-CRUME CO. v. PEURRUNG.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1900.)

No. 704.

1. CONTRACTS—ACTION FOR BREACH—PLEADING.

An amended petition, differing from the original petition only in containing additional jurisdictional averments, and in omitting one of the parties defendant, relates back to the time when the original petition was filed; and, when the action is one to recover installments due on a continuing contract, the plaintiff is not required to include in the amended petition a claim for installments which have become due since the commencement of the suit, but may maintain a second suit therefor.

2. SAME—BREACH—RIGHT OF OTHER PARTY TO CONTINUE PERFORMANCE.

Where defendant contracted to pay plaintiff a certain sum in installments, in consideration of plaintiff's releasing his rights under another contract, which he did, and of his further agreement not to purchase a certain line of goods from others than defendant during the term of the contract, on defendant's refusal to make further payments plaintiff was not obliged to treat the contract as terminated, or limited to a single action for the breach, but was entitled to continue performance on his own part, and to maintain actions for the recovery of the several installments as they became due.

In Error to the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

This is a writ of error to review a judgment in favor of Joseph P. Peurrung, as the assignee of a contract of the firm of Peurrung Bros. & Co., against the Carter-Crume Company for $4,977.50. By the contract, the Carter-Crume Company agreed to pay Peurrung Bros. & Co. $3,000 per annum for the term of 3 years and 6½ months, in monthly installments of $250, on the 15th day of each month, in consideration of the release by Peurrung Bros. & Co. of all their rights under a contract previously made by them with Tower & Matthews, of Indiana, by which Tower & Matthews had bound themselves to sell, at a certain price, their entire output of wooden wire-end dishes for a period of two years or more. The contract in suit provided that it might be annulled by 90 days' written notice, on the 1st day of March of any year. By other clauses of the contract, it was stipulated that Peurrung Bros. & Co. might buy dishes from the Carter-Crume Company at certain prices, but there was no stipulation binding Peurrung Bros. & Co. to buy any dishes whatever. By the last clause of the contract, it was agreed that Peurrung Bros. & Co. should not purchase wire-end dishes from anybody but the Carter-Crume Company, and should not allow a customer any part of the discount received from it. In a prior suit upon the same contract, by the same plaintiff against the same defendant, a recovery was had for $3,151.50, which included all the installments due on the contract, down to and including the installment due on September 14, 1896. 30 C. C. A. 174, 86 Fed. 439. The present suit was for the installments due thereafter, beginning with that of October 15, 1896. The answer denied that the plaintiff was the bona fide assignee of the contract or the owner of the rights arising under it. For a second defense, the defendant set up that it had annulled the contract on the 20th of September, 1895, in accordance with the right reserved to it under the contract. The third defense of the defendant was as follows:

"(3) Further answering, this defendant says that said contract of **August 14,** 1894, was an entire and indivisible contract; that the consideration to the defendant was an entire and indivisible consideration; and that on September 20, 1895, this defendant notified said Peurrung Brothers & Co., in writing, of the refusal by said defendant to further perform said contract, and the covenant on the part of defendant to pay said Peurrung Brothers & Co., or said plaintiff, any sum or sums under said contract was thereby broken, and said notice was then and there given to said Peurrung Brothers & Co. of the breach by said defendant of said covenant, which was an entire and indivisible covenant; and thereafter, on the 29th day of September, 1896, said plaintiff, Joseph P. Peurrung, brought suit against this defendant in the United States circuit court for the Southern district of Ohio, Western division, being cause numbered 4,954 upon the docket of said court, asking judgment for damages against this defendant for the breach by defendant of said covenant, and in said cause such proceedings were had as that on April 3, 1897, a judgment was rendered in favor of said plaintiff, Joseph P. Peurrung, who was plaintiff in said cause No. 4,954, and is the plaintiff in the above-entitled cause, which judgment has been paid and satisfied by this defendant; and this defendant says that said judgment in said cause No. 4,954 was for damages for the breach of the ·same covenant and contract alleged in the petition in this cause, and was a merger of any and all claim for damages under said contract, including the claim for damages alleged in the plaintiff's petition herein, and that thereby said plaintiff is estopped to claim against this defendant any further damages for the breach of said entire and indivisible covenant contained in said contract of August 14, 1894, it being the same contract which was set forth and sued upon in said cause No. 4,954; and defendant says that the fifteen hundred dollars ($1,500) sought to be recovered in this cause was, if due at all, due and properly and by law recoverable and included in the judgment in said prior cause between the same parties, No. 4,954, on April 3, 1897, the date of said judgment in said prior cause; that in law the entire damages and claim sued for in this action were included and merged in the damages and judgment in said prior cause, for the breach of the said contract and covenant, which is sued upon in said cause No. 4,954, which is the same entire and indivisible covenant and contract sued upon in this cause." For the fourth defense, the defendant charged that the contract sued on was a part of a plan to which Peurrung Bros. & Co. were parties, and by which the Carter-Crume Company sought to obtain a monopoly of the wire-end wooden butter-dish trade, and to raise the prices therefor; that the contract was therefore illegal, contrary to public policy, and void, as in restraint of trade, preventing competition, fixing and enhancing prices, and tending to create a monopoly. To the second defense the plaintiff replied that the same defense had been pleaded in the prior suit, and had been adjudged against the defendant. The reply to the third defense was as follows: "Plaintiff denies that the said contract was an entire and indivisible contract, and he denies that in said cause No. 4,954 he sued for damages for breach of covenant and contract. Plaintiff avers that under said contract the defendant was to make to plaintiff certain monthly payments that became due and were made payable monthly, and in said cause the plaintiff sued for such monthly payments as were then due and unpaid, and he recovered a judgment only for the same, with interest calculated monthly on such monthly payments so becoming due, as the record of said cause will show; therefore the plaintiff denies the allegations contained in the third defense set out by the defendant." In their reply to the fourth defense, the plaintiff denied that Peurrung Bros. & Co. had any knowledge of the illegal purpose which was to be furthered by the contract in suit. In the former suit the original petition was filed on the 25th day of September, 1896. The petition then made both the Carter-Crume Company and the Crume & Sefton Manufacturing Company defendants. On the 2d of April, 1897, the plaintiff filed an amended petition, by leave of court, in which he set up exactly the same cause of action as in his original petition, with a little fuller averments as to the citizenship of the defendant the Carter-Crume Company, and omitted as defendants altogether the Crume & Sefton Manufacturing Company. The court below submitted the case to the jury on the issues

made—First, as to plaintiff's ownership of the contract sued on; and, second, as to the knowledge which the plaintiff and his partners had of the illegal purpose of the defendant in making the contract. The court declined to sub-. mit the second and third defenses to the jury. The jury returned a verdict for the plaintiff on both issues submitted to them. Thereupon the defendant made a motion for judgment non obstante veredicto on the third defense.. This the court overruled, and judgment was entered on the verdict.

Joseph Wilby, for plaintiff in error.

Charles W. Baker, for defendant in error.

Before TAFT, LURTON, and DAY, Circuit Judges.

TAFT, Circuit Judge (after stating the facts as above). It is insisted on the part of the plaintiff in error that, at the time of the commencement of the first suit upon which recovery has been had, there was due upon the installments, under the contract, $1,500, which was not included in the recovery in that suit, and which is included in the recovery in this; that the plaintiff below was not entitled to split up his causes of action after the installments became due; that all the installments due were indivisible; and that the recovery for any of them was a bar to a recovery of all the others due at the commencement of the suit. The premise for this argument is unfounded. It is that the former suit was begun when the amended petition was filed in April, 1897. It is conceded that the original petition in the former suit asked judgment for all the installments then due; but it is argued that a new suit was begun by the filing of the amended petition, and that in the amended petition all the installments which have fallen due in the meantime should have been included. We cannot yield to this proposition. It may be that, upon leave of court, the plaintiff, by supplemental petition, might have included in the former suit all the installments which had fallen due after the filing of the original petition, but he was under no obligation to do so. In his amended petition, he stated exactly the same cause of action which had been stated in the original petition, merely elaborating somewhat the averments relating to jurisdiction and dismissing one of the parties defendant. As the petition was an amended petition, and not a supplemental petition, it related back to the time of the filing of the original petition, and cannot be construed to be the beginning of a new suit as of the date of its filing. In Railroad Co. v. McLaughlin, 43 U. S. App. 181, 19 C. C. A. 551, 73 Fed. 519, it was held by this court that an amended petition in every respect like the original petition, except as to the jurisdictional averments, was to be regarded as filed and construed as of the date of the original petition; and two decisions in the court of appeals in the Eighth circuit were cited to sustain this view. Carnegie v. Hulbert, 36 U. S. App. 81, 16 C. C. A. 498, 70 Fed. 209; Bowden v. Burnham, 19 U. S. App. 448, 452, 8 C. C. A. 248, 59 Fed. 752. We are clearly of opinion, therefore, that the former suit must be regarded as having been begun at the date of the filing of the original petition.

This brings us to the second contention of plaintiff in error and its more radical claim. It is insisted that upon the refusal of the

Carter-Crume Company, in September, 1895, further to pay the installments due under the contract, the only remedy which the plaintiff or his assignors had was to sue upon the contract as an indivisible one for damages for its entire breach; that the suit begun in September, 1896, must be regarded, therefore, as a suit of that character; that the recovery must be treated as the amount due for the total breach, and the judgment must be a bar to a further recovery upon the contract. The contention cannot be sustained. The cases which the plaintiff in error relies upon are cases involving contracts entirely different from the one at bar. They are James v. Allen Co., 44 Ohio St. 226, 6 N. E. 246, and Steinau v. Gas Co., 48 Ohio St. 324, 27 N. E. 545. James v. Allen Co. was a case of a contract for services. The employé was dismissed before the termination of the contract. At the end of two months after his dismissal, he brought suit to recover the amount which would have been due him under the contract, had he continued at work, and recovered a judgment therefor. At the end of two more months he brought a second suit, and in the second the judgment in the first suit was pleaded as a bar. The plea was sustained. It was held that the only remedy of the plaintiff had been to bring a suit to recover damages for the entire breach; that as he had not rendered the services under the contract, even though prevented from doing so by the defendant, he could not properly aver that he had rendered the services, and he could not treat the contract as still subsisting. The same rule was laid down in the case of Steinau v. Gas Co., supra, where the contract was one in which Steinau agreed to take gas from the gas company for 10 years, and the gas company agreed to furnish the gas. Several years before the termination of the contract Steinau refused to take the gas, and the gas company did not furnish it, but brought suit to enjoin his use of any other means of lighting. The supreme court denied the relief prayed, on the ground that the gas company had a full and adequate remedy at law in bringing a suit for the breach of the contract, in which the gas company might recover as for an entire breach. The court said that the case was quite like that in principle of James v. Allen Co. Without discussing the correctness of these decisions, it is sufficient to say that they have no bearing upon the present case. Here, all that the other contracting parties were required to do was of a negative character. They have performed all that they agreed to perform under the contract. The defendant has received all the benefit from the contract which it was agreed it should receive. It is possible that the plaintiff's assignors might have treated the defendant's repudiation of the contract in September, 1895, as an anticipatory breach, and have sued for the entire damages, though we do not so decide; but, if it be so, it was at their option thus to treat it or not, and they did not see fit to do so, but continued to comply with their contract, and, by doing nothing in violation thereof, furnished to the defendant all the consideration it would have received had it continued to comply with the contract on its behalf. As the contract was not, therefore, put an end to by acceptance of the anticipatory breach, it remained in force, and the

plaintiff was entitled to recover in suits which should include all the installments due up to the time of the suit brought. The court below was right in denying the motion for a judgment made by the defendant. The defendant in error concedes that there was an error in the judgment below to the extent of $250, and consents to the remittitur of that amount in this judgment. Such remittitur, with interest, will be entered and included in the mandate, and, as entered, the judgment will be affirmed, at the costs of the plaintiff in error.