GOODMAN v. CITY OF FT. COLLINS.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1908.)

No. 2,634.

1. EMINENT DOMAIN (§ 194*)—COLORADO STATUTE—PLEADINGS—JURISDICTIONAL ALLEGATIONS—AMENDMENT.

In condemnation proceedings in the county courts of Colorado under the statute of that state, the complaint, if wanting in the requisite jurisdictional allegations, is not entirely void but amendable, and the requisite amendment, if allowed and made, relates back to the time of filing the complaint.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 523; Dec. Dig. § 194.*]

2. PROCESS (§ 66*)—PROCESS UPON DEFECTIVE COMPLAINT.

A summons which is otherwise duly issued and served, is not void merely because it is issued upon a complaint which is wanting in the requisite jurisdictional allegations—the same being amendable—or because a copy of the defective complaint is attached to the summons as issued and served.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 53; Dec. Dig. § 66.*]

3. PROCESS (§ 68*)—PERSONAL SERVICE IS EQUIVALENT OF APPEARANCE.

Due personal service of a summons brings a respondent before the court for all purposes of the proceeding as fully as would a voluntary appearance.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 68.*]

4. PROCESS (§ 6*)—AMENDED COMPLAINT—NEW PROCESS NOT REQUIRED.

When respondents have been brought under the jurisdiction of the court by proper service of process, the jurisdiction over them is not lost by an amendment of the complaint whereby a necessary jurisdictional allegation is inserted in it. The amendment is not the institution of a new proceeding, and creates no occasion for the issuance of a new summons or like process.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 5; Dec. Dig. § 6.*]

5. JUDGMENT (§ 503*)—COLLATERAL ATTACK—MERE ERROR NOT SUFFICIENT.

A judgment is not open to collateral attack merely because there may have been an abuse of discretion in the exercise of a lawful power to allow amendments to the complaint, for at most that would be a mere error and would not render the judgment void.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 943; Dec. Dig. § 503.*]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

Richard McKnight, for plaintiff in error.

Paul W. Lee (Cornelius Ferris, Jr., on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This was an action in ejectment wherein there were opposing contentions respecting the effect to be given to a prior judgment apparently investing the defendant with the title and right of possession to the premises in controversy. The judgment was rendered in a condemnation proceeding in one of the county courts in Colorado, which are concededly without jurisdiction where the value of the property involved exceeds $2,000. Const. Colo. art. 6, § 23. A statute declares that, "to give the said courts jurisdiction," the complaint shall state that the value of the property involved does not exceed the jurisdictional limitation. 1 Mills' Ann. St. Colo. §§ 1054, 1055. Here the original complaint, although otherwise sufficient, was silent as respects the value of the property involved, but in the course of the proceeding it was amended, by the leave of the court, by inserting the requisite jurisdictional allegation. When it was filed a proper summons was duly issued, and personal service thereof was duly made on the respondents, but they did not appear. Although not required by statute (1 Mills' Ann. St. §§ 1717, 1718; Mills' Ann. Code, § 34; Seeley v. Taylor, 17 Colo. 70, 79, 28 Pac. 461, 723; Burkhardt v. Haycox, 19 Colo. 339, 35 Pac. 730), a copy of the complaint was attached to the summons as issued and served. No summons or "process of any kind or character" was issued or served after the complaint was amended. The amount of the award of the commissioners, which was given effect by the judgment, was well within the jurisdictional limitation. Upon these facts, it is insisted that the county court was without jurisdiction to render the judgment (a) because, in the absence from the original complaint of the requisite jurisdictional allegation, the complaint and the summons issued and served were entirely void; (b) because, in the absence of a voluntary appearance by the respondents, the court was without any power to permit the amendment of the complaint; and (c) because the amendment was in effect the institution of a new proceeding, and, in the absence of a voluntary appearance by the respondents, a new summons or other notice having "the substantial characteristics of a summons" was essential to bring them into court in that proceeding. The insistence cannot be sustained, either in whole or in part, and for these reasons: Another statute regulatory of the practice in condemnation proceedings, and standing upon an equal footing with the one requiring the jurisdictional allegation, expressly declares that "amendments to the petition, or to any paper or record in the cause, may be permitted whenever necessary to a fair trial and final determination of the questions involved" (1 Mills' Ann. St. § 1719) and the Supreme Court of the state has said of this provision:

"It will be observed that no particular method of amending the petition is pointed out; that no specified steps are essential as a prerequisite to the allowance of such amendments. * * * The whole matter was largely discretionary with the court, and there was no such abuse of discretion as calls for interference." Knoth v. Barclay, 8 Colo. 300, 302, 6 Pac. 924.

Such statutes are rightly accorded a liberal, as distinguished from a restrictive, interpretation, and are almost uniformly held to be as applicable to the correction of errors and omissions in the statement of jurisdictional facts as to the correction of other defects. Linhart v. Buiff, 11 Cal. 280; Coolman v. Fleming, 82 Ind. 117, 121; Mitchell v. Mo. Pac. Ry. Co., 82 Mo. 106; McLellan v. Crofton, 6 Greenl. (Me.) 307, 328; Continental Ins. Co. v. Rhoads, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. Ed. 380; Halsted v. Buster, 119 U. S. 341, 7 Sup. Ct. 276, 30 L. Ed. 462; Bowden v. Burnham, 59 Fed. 752, 8 C. C. A. 248; Carnegie, Phipps & Co. v. Hulbert, 70 Fed. 209, 16 C. C. A. 498; Whalen v. Gordon, 95 Fed. 305, 37 C. C. A. 70; In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434. And this is the settled rule of decision in the courts of Colorado. Archibald v. Thompson, 2 Colo. 388; Lebanon Mining Co. v. Consolidated Co., 6 Colo. 371; Jordan v. Greig, 33 Colo. 360, 378, 80 Pac. 1045; Southwestern Land Company v. Hickory Jackson Ditch Company, 18 Colo. 489, 33 Pac. 275. In the last case the court disposed of a contention similar to that now under consideration by saying:

"The petition originally filed was defective in not averring that the amount of damages, if any, to the residue of respondent's property, and the value of the strip of land sought to be taken, were within the jurisdiction of the county court; and counsel for respondent insist that, the jurisdictional averment being insufficient, the court had no power to grant leave to amend. With this we cannot agree. The defect might have been cured by amendment, if the petition had been attacked by demurrer. By section 50 of the Code of Civil Procedure, a want of jurisdiction of 'the subject-matter of the action' is made a ground of demurrer. Section 74 provides that, if a demurrer is sustained, 'the unsuccessful party shall plead over or amend, upon such terms as shall be just.' The motion to dismiss in this case upon the grounds stated was the equivalent of a demurrer, and we can perceive no reason why the amendment might not be made upon proper terms as well as upon demurrer."

A complaint which is defective, but amendable, cannot be regarded as entirely void (Archibald v. Thompson, 2 Colo. 388, 391); nor can a summons be so regarded merely because it is issued upon such a complaint. It is of no importance that a copy of the original complaint was attached to the summons as served upon the respondents, because they were bound to take notice of the statute relating to amendments, and, if they chose to act on the assumption either that the plaintiff would not seek an amendment or that the court would not permit one, they did so at their peril. Granger v. Judge, 44 Mich. 384, 6 N. W. 848; Griffin v. McGavin, 117 Mich. 372, 75 N. W. 1061, 72 Am. St. Rep. 564. Nor was the power of the court to allow the amendment affected in any wise by their failure to appear, because the personal service of the summons brought them under the jurisdiction of the court for all purposes of the proceeding as fully as a voluntary appearance could have done. Langmaid v. Puffer, 7 Gray (Mass.) 378, 382; Bond v. Howell, 11 Paige (N. Y.) 233; Sidway v. Marshall, 83 Ill. 438; Chicago, etc., Co. v. Johnston, 89 Ind. 88; Yonge v. Broxson, 23

Ala. 684; Phelps v. Smith, 16 W. Va. 522. That jurisdiction was not lost by the amendment. It was not the institution of a new proceeding, and created no occasion for the issuance of a new summons or like process. Bond v. Howell, supra; Healy v. Aultman & Co., 6 Neb. 349; Schuyler Nat'l Bank v. Bollong, 28 Neb. 684, 692, 45 N. W. 164; Haynes v. Rice, 33 Tex. 167; St. Louis v. Gleason, 15 Mo. App. 25, 29; Phelps v. Smith, supra; 1 Enc. Pl. & Pr. 494; 19 Id. 573. The insistence to the contrary is rested upon the theory that the amendment could only operate prospectively, and therefore that all that was done prior thereto was void. But this theory is a mistaken one, as is well shown in Bowden v. Burnham, supra, where it was said by Judge Caldwell, in speaking for this court:

"The objection to the jurisdiction of the court is grounded on the fact that the original petition did not disclose that the assignors of the claims which the plaintiffs sued on as assignees were citizens of states other than Kansas, and the further fact that, rejecting those claims, the amount claimed by the plaintiffs was less than $2,000. But the court very properly granted the plaintiffs leave to amend their complaint (section 954, Rev. St. U. S. [U. S. Comp. St. 1901, p. 696]), and it was amended. Nevertheless, the plaintiff in error asserts that as the complaint, at the time the attachment was issued, did not contain the necessary jurisdictional averments, every step taken in the cause prior to the amendment was void, and that the amendment of the complaint could not impart vitality or validity to anything done before the amendment was made. This contention is wholly untenable. It is everyday practice to allow amendments of the character of those made in this case, and when they are made they have relation to the date of the filing of the complaint or the issuing of the writ or process amended. When a complaint is amended, it stands as though it had originally read as amended. The court in fact had jurisdiction of the cause from the beginning, but the complaint did not contain the requisite averments to show it. In other words, the amendment did not create or confer the jurisdiction; it only brought on the record a proper averment of a fact showing its existence from the commencement of the suit."

To the same effect are Miller v. Cook, 135 Ill. 190, 203, 25 N. E. 756, 10 L. R. A. 292; Norris v. Ile, 152 Ill. 190, 203, 204, 38 N. E. 762, 43 Am. St. Rep. 233; Towns of Windham and Chaplin v. Litchfield, 22 Conn. 226, 232; Hoyt v. Smith, 28 Conn. 466, 471; Hurd v. Everett, 1 Paige (N. Y.) 124; Heath v. Whidden, 29 Me. 108; Brockaway v. Thomas, 32 Ark. 311; 1 Enc. Pl. & Pr. 621.

Much reliance is placed upon Car Coupler Co. v. League, 25 Colo. 129, 54 Pac. 642, in which there is some language which may possibly seem to be in conflict with what we have said respecting the correction of errors and omissions in jurisdictional allegations; but as the language there employed was in the nature of a concession not required by the facts of that case, as no reference was made therein to the earlier decision in Southwestern Land Company v. Hickory Jackson Ditch Company, supra, and as general remarks or concessions not necessary at the time are not regarded as overturning or qualifying earlier rulings necessary to the decision of the cases then in hand, we think the language relied upon cannot reasonably be accepted as intended to overturn or qualify the earlier decision.

Whether there was an abuse of discretion in the allowance of the amendment, without some prior notice to the respondents of the application therefor, is not now open to consideration, because at most

that would only be an error in the exercise of a lawful jurisdiction, and would not render the judgment void so as to open it to collateral attack. Tilton v. Cofield, 93 U. S. 163, 167, 23 L. Ed. 858.

As the Circuit Court rightly held that the judgment in the condemnation proceeding was not void, its judgment is affirmed.