### LASKEY et al. v. NEWTOWN MIN. CO.

(Circuit Court, S. D. California. July 10, 1893.)

#### No. 325.

FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP.

An allegation in an amended complaint, stating "that the plaintiffs are now, and at all the times hereinafter mentioned were, citizens" of a different state from that of the defendants, "and are residents" of the district in which the suit is brought, is not sufficient to give the federal court of that district jurisdiction, although, under the California practice, the amended complaint supersedes the original. The diversity of citizenship must be alleged as existing at the time when the suit was begun.

At Law. Action by L. Laskey and A. R. Conklin against the Newtown Mining Company. A demurrer to the complaint was sustained. 50 Fed. Rep. 634. The hearing is now on demurrer to the amended complaint. Demurrer sustained.

Garber, Boalt & Bishop, for plaintiffs.
Reddy, Campbell & Metson, for defendant.

ROSS, District Judge. This suit was brought in this court on the ground of the diverse citizenship of the parties, and, because the original complaint did not allege that either the plaintiffs or defendant reside within this judicial district, a demurrer to the complaint was sustained by the court. 50 Fed. Rep. 634. The plaintiffs thereupon amended their complaint, and alleged "that the plaintiffs are now, and at all the times hereinafter mentioned were, citizens of the United States, and of the state of California, and are residents of the southern district of California." To the amended complaint the defendant also demurred, on the ground that its allegations are insufficient to give the court jurisdiction over the persons of the parties, or the subject of the action.

It will be observed that the allegation of the amended complaint, in respect to the residence of the plaintiffs in this judicial district, is in the present tense; that is to say, that plaintiffs were such residents at the time of the filing of the amended complaint. But the jurisdiction of the court depends upon the state of things existing at the time the suit is brought. Mollan v. Torrance, 9 Wheat. 537; Conolly v. Taylor, 2 Pet. 556. If, therefore, the court was correct in its former ruling, in holding that under the present judiciary act it is necessary that the complaint show the residence in the district in which the suit is brought, of either the plaintiff or defendant, and as is now conceded by the counsel for the plaintiffs, it follows, I think, that the difficulty has not been removed by the amendment. It is true, as stated by counsel, that the amended complaint relates back to, and takes the place of, the original complaint. In the language of the supreme court of this state, (Barber v. Reynolds, 33 Cal. 501,) it "supersedes the original, but there is no dismissal of the action. It simply takes the place of the other. No new or different action is commenced, and no new cause of action is introduced. There is no change in the identity of the cause of action. That is the same as before. * * * The change consists merely in more fully setting forth the cause of action defectively alleged in the original complaint. It is the former complaint amended. The old complaint, in the form first filed, ceases to be the complaint in the case, or to perform any further function as a pleading; but the amended complaint falls into its place, and performs the same, and not different, functions." But the circumstance that the amended complaint relates back to, and takes the place of, the original complaint, does not alter the facts alleged in the amended complaint. Those facts, so far as the demurrer is concerned, must be taken to be just what the amended complaint alleges them to be. Upon the point in question the allegation is, not that the plaintiffs were residents of this judicial district at the time of the commencement of the suit, but that they are such residents; that is to say, that they were such residents at the time of the filing of the amended complaint. The jurisdiction of the court, however, depends, as has been shown by the decisions of

the supreme court above cited, upon the condition of things existing when the suit was commenced, and not at the time of the filing of the amended complaint. See, also, Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. Rep. 518, where it was held that the federal court was without jurisdiction because the petition for removal from the state to the federal court did not allege the citizenship of the parties, except at the date when it was filed, and it was not shown elsewhere in the record that the defendants were at the commencement of the action citizens of a state other than the one of which the plaintiff was at that date a citizen. What was said in the case of Birdsall v. Perego, 5 Blatchf. 251, upon the point in question, is not, in my opinion, in harmony with the decisions of the supreme court already referred to. Demurrer to the amended complaint sustained, with leave to plaintiffs to further amend within 20 days, if they shall be so advised.