CLAUSEN v. AMERICAN ICE CO.

(Circuit Court, E. D. New York. March 23, 1906.)

COURTS—JURISDICTION OF FEDERAL COURTS—ALLEGATION OF CITIZENSHIP.

An allegation in a complaint that plaintiff is a citizen of the United States, and a resident of a certain state, is, under the fourteenth constitutional amendment, a sufficient allegation of his citizenship in such state for the purpose of invoking the jurisdiction of a federal court.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 878.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

On Demurrer for Want of Jurisdiction.

Willoughby B. Dobbs, for plaintiff.
Thomas D. Adams, for defendant.

THOMAS, District Judge. The complaint alleges "that this plaintiff is a citizen of the United States and a resident of the state of New Jersey, residing at Little Ferry, Bergen county, N. J." It is considered that this allegation brings the plaintiff's status within the fourteenth amendment to the federal Constitution, whereby the plaintiff, a citizen of the United States, is invested with citizenship in the state where he resides. As the Constitution so declares, and as the complaint shows a case within its terms, there should be no room for doubt. However, the objection is highly technical, provided the fact is that the plaintiff is a citizen of the state of New Jersey. This court did not seek jurisdiction of the parties through the complaint, but by the issuance and service of the summons. The complaint is only a means of ascertaining whether the jurisdictional facts exist.

The demurrer is overruled, without costs, with leave to the plaintiff to amend the complaint if he should be advised so to do. This was allowed in Laskey v. Newton Min. Co. (C. C.) 56 Fed. 628; Bowden v. Burnham, 59 Fed. 754, 8 C. C. A. 248.