SALVATORE COSENTINO et al., on Behalf of Themselves and Others Similarly Situated, Plaintiffs, *v.* MAX GOLDMAN et al., Individually and as Secretary-Manager and Treasurer, Respectively, of MILLINERY BLOCKERS UNION, LOCAL 42, Defendants.

Supreme Court, Special Term, New York County, June 1, 1944.

*Louis Waldman* and *Samuel Duken* for defendants.

*Michael F. Pinto* and *Benjamin D. Stein* for plaintiffs.

BENVENGA, J.   Motion to dismiss amended complaint on the ground that it does not state facts sufficient to constitute a cause of action or, in the alternative, to make the complaint more definite and certain, or to strike out unnecessary and improper matter.   (Rules Civ. Prac., rules 102, 103, 106.)

The action, brought by members of a labor union, is for an accounting and a mandatory injunction.   The complaint charges a conspiracy on the part of the defendants to dominate and control the affairs of the union and alleges that, in pursuance of the conspiracy, the defendants committed various illegal and unconstitutional acts.   The original complaint was dismissed because it failed to allege exhaustion of the internal remedies of the organization, or facts showing the futility of doing so. (See N. Y. L. J., March 8, 1944, p. 919, col. 4.)   The question now is whether the present complaint has remedied that defect

To show such futility, the complaint alleges that one Mendelowitz, a vice-president of the international and, as such, a member of its general executive board, by direction of the international union, attended meetings of the local for the past five years; that efforts by members of the local present at such meetings to correct illegal and unconstitutional acts were quickly smothered by the defendants, pursuant to the direction and with the consent of Mendelowitz; that efforts to remedy the illegal conditions have resulted in physical assaults and illegal suspensions; that all these facts were within the knowledge of the president of the international, and that the

defendants acted with his knowledge, consent and approval. That, in September, 1943, charges were filed with the executive board of the local containing specific allegations of misconduct on the part of the defendants; that the local board, pursuant to the orders and directions of the international president, of Mendelowitz and of the defendant Goldman, also a vice-president of the international, has failed and refused to take any action in connection with such charges; that the president and other members of the general board knew of the failure of the local body to take any action, and that in consequence thereof the plaintiffs have been unable to perfect an appeal to the general board in accordance with the provisions of the constitution. That, moreover, in the fall of 1943, a series of conferences were held with the president, to whom an appeal was made for redress; that the president, who is the chairman of the general board, refused to take or recommend any action against the defendants, and refused to convene the general board to consider the grievances of the plaintiffs and afford them redress.

Obviously, in determining the sufficiency of these allegations of futility, the pertinent provisions of the constitution should be considered. Under it, the plaintiffs could, for a redress of their grievances, prefer charges against the defendants, triable by the local board (constitution, art. XVI, §§ 1, 3). They could, because of its failure to take action thereon, file charges against the local body, triable by the general board (art. XVI, § 6), consisting of the president, two secretaries and twenty-four vice-presidents (art. III, §§ 1, 4) — including Mendelowitz and Goldman.

Under the constitution, also, charges must be submitted in writing to the secretary of the local or the general board, as the case may be. " The secretary shall refer such charges to the appropriate trial body and shall give notice in writing of such charges to the accused and accuser, of the time and place of the hearing upon same, which hearing shall be held within one month after the receipt of such charges " (art. XVI, § 8). " Any member feeling aggrieved by the decision of the local Union shall have the right to appeal to the general executive board " (art. XVI, § 17). " Any member feeling aggrieved by the decision of the general executive board shall have the right to appeal to the Convention " (art. XVI, § 18). " Notice of appeal from a decision of any trial body must be filed with the higher tribunal within thirty days after the decision " (art. XVI, § 19).

Do these allegations remedy the effects of the original complaint? The present complaint, as has been pointed out, alleges that the plaintiffs filed written charges against the defendants with the local board; that that body failed and refused to entertain such charges, and that thereby the plaintiffs were prevented from perfecting an appeal to the general board. True, the complaint does not allege that the plaintiffs filed charges against the *local body* with the general board, because of its refusal to entertain charges against the defendants. But, as I read the constitution, the plaintiffs were under no compulsion to do so. Their grievances were against the defendants principally, and only incidentally against the local body. The plaintiffs were obliged to file charges against the defendants with the local board and not with the general board. It was the duty of the local body to act on the charges filed with them. Then, if the plaintiffs felt aggrieved by their decision, they could appeal to the general board. Accordingly, the failure of the local body to take action on the charges prevented further proceedings on the part of the plaintiffs, except as against the local board. (See Martin on the Law of Labor Unions, § 317, p. 391; *Campbell* v. *Johnson*, 167 F. 102, 105.)

It would seem, therefore, that, under the constitution, the plaintiffs have exhausted their remedies against the defendants within the Union. But assuming, as defendants contend, that they have not, and that they may, under the circumstances, prefer charges against the defendants as well as against the local board, triable by the general executive board, the question still remains whether a trial before that body would be futile.

Such a trial would be futile, unless the plaintiffs are assured of a fair and impartial hearing, not only in accordance with the constitution and by-laws of the international, but also with the demands of fair play, which in the final analysis is the spirit of the law of the land. (*Bricklayers', P. & S. Union* v. *Bowen*, 183 N. Y. S. 855, 859, affd. 198 App. Div. 967; *Stenzel* v. *Cavanaugh*, 189 N. Y. S. 883, 884; Oakes on Organized Labor and Industrial Conflicts, § 54, p. 60.)

In this connection, it should be noted that Goldman, one of the defendants, besides being secretary-manager of the local, is a vice-president of the international and, as such, a member of the general board; that Mendelowitz, another vice-president, is also a member of the board; and that the president is ex officio chairman of the board; that Goldman is charged with serious misconduct; that the complaint charges that the president and chairman of the board, as well as Mendelowitz, had knowledge

of and approved the acts of wrongdoing on the part of the defendants, and also approved the failure and refusal of the local board to take action on the charges against the defendants.

Under the circumstances, Goldman would be disqualified from sitting on the trial of the charges (constitution, art. XVI, § 11); and, assuming the truth of the allegations of the complaint, as must be done for the purposes of this motion, the president-chairman and Mendelowitz would be incompetent to serve because of bias or prejudice. (*Robinson* v. *Dahm*, 94 Misc. 729, 736, 737; Oakes on Organized Labor and Industrial Conflicts, § 63, pp. 70–71.)

As for the remaining members of the general board, it is fair to assume that, although they might not be consciously biased or prejudiced against the plaintiffs or their cause of action, they might, in some measure, be influenced in their decision because of their friendship for the disqualified members of their board. Hence, it would be in the interest of fair play and of labor generally, if any reasonable doubt in the matter were resolved in favor of the plaintiffs. In doing so, I do not mean to impugn the honesty or integrity of any of the members of the board. I have merely assumed the truth of the allegations of domination and control.

It may be objected that it is an easy matter to allege domination and control. That may be so. But the defendants are not without remedy if these allegations prove unfounded or if they are not proved. These allegations are essential to require the intervention of a court of equity. They must be assumed to be true. If, upon the trial, there is a failure of proof in that respect, the complaint will be dismissed.

Accordingly, the motion to dismiss the complaint is denied; the motion to make the complaint more definite and certain is also denied; the motion to strike is granted to the extent of striking out the words " autocratic ", " despotic " and " highly despotic " in paragraphs 13th, 14th, 20th, 24th and 26th, and the words " ruthless " and " intimidation and acts of terrorism " in paragraph 15th. Settle order.